**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MALCOLM WEBB**,<br><br>Plaintiff,<br><br>v.<br><br>**MASERATI AND ALFA OF MONMOUTH**, *et al.*,<br><br>Defendants. | Civil Action No. 25-3112 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon two Motions for Summary Judgment and a Motion to Vacate the Clerk's Entry of Default. The first Motion for Summary Judgment was filed by Defendant Watson & Allard, P.C. ("Watson"). ("Watson's Mot. for Summary J.", ECF No. 21.) Watson filed a Moving Brief ("Watson's Moving Br.", ECF No. 21-2) and a Statement of Material Facts ("Watson's SOMF", ECF No. 21-3). The second Motion for Summary Judgment was filed by Defendant American Heritage Federal Credit Union ("American Heritage," and together with Watson, "Defendants"). ("American Heritage's Mot. for Summary J.", ECF No. 22.) American Heritage filed a Moving Brief ("American Heritage's Moving Br.", ECF No. 22-1) and a Statement of Material Facts ("American Heritage's SOMF", ECF No. 22-10). *Pro se* Plaintiff Malcolm Webb ("Plaintiff") opposed Defendants' Motions in a single filing. ("Pl.'s

Opp'n", ECF No. 25.[1]) Defendants each filed a reply. (ECF Nos. 26, 27.) Without leave of the Court, Plaintiff then filed a sur-reply. (ECF No. 28.)

The Motion to Vacate the Clerk's Entry of Default was filed by Defendant State National Insurance Company, Inc. ("State National"), and State National appended its Moving Brief to the Motion in a single ECF filing. ("State National's Moving Br.", ECF No. 30.) State National's Motion is unopposed.

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motions for Summary Judgment and **GRANT** the Motion to Vacate Clerk's Entry of Default.

## I. BACKGROUND AND PROCEDURAL HISTORY

In September 2022, Plaintiff applied for and was granted a motor vehicle financing loan by American Heritage in the amount of $36,252.73 in connection with the purchase of a used 2015 Lexus IS 250 sold by Maserati. (ECF No. 1 at 4; ECF No. 21-5 ¶ 1; ECF No. 22-3 at 6–9; Pl.'s Opp'n at 11 ¶ 3.1.) Plaintiff defaulted on the loan, and American Heritage made a demand for payment. (ECF No. 21-5 ¶¶ 4–13.) When payment was not remitted, American Heritage initiated an action in the Superior Court of New Jersey, Law Division, Union County for breach of contract and replevin in October 2023. (*See generally id.*) Watson served as American Heritage's attorneys in the underlying state action. (*Id.*) On April 30, 2024, after having been served with the underlying state complaint, Plaintiff failed to appear. (ECF No. 21-6; Pl.'s Opp'n at 12 ¶ 3.9.) The Superior Court of New Jersey entered a final judgment by default in the amount of $5,827

[1] Plaintiff's joint opposition is a single document containing legal argumentation, responses to Defendant's Statements of Material Facts, and Plaintiff's Supplemental Statement of Disputed Facts. While such a filing would ordinarily violate Local Civil Rule 56.1(a), the Court prefers to adjudicate matters on the merits and, in light of Plaintiff's *pro se* status, will construe Plaintiff's filing liberally to fully encompass his opposition.

against Plaintiff. (*Id.*) Plaintiff moved to vacate the final judgment entered against him as a third-party intervenor (ECF No. 21-7), which the Superior Court judge denied on August 8, 2024. (ECF No. 21-8.) Plaintiff filed additional post-judgment submissions, seemingly asserting a counterclaim and a motion to dismiss regarding his security interests and requesting the Superior Court to order specific performance from American Heritage to reconcile his accounts and transfer title of the vehicle back to Plaintiff. (*See* ECF Nos. 21-9 to -12.) The Superior Court judge denied Plaintiff's motion on November 22, 2024. (ECF No. 21-13.)

Plaintiff filed the instant action on April 17, 2025, asserting a host of constitutional claims under 42 U.S.C. §§ 1983 and 1985(a), a claim under the Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and a claim for declaratory relief "affirming his lawful recission rights under 15 U.S.C. § 1635 [and] 12 C.F.R. § 1026, 23." (ECF No. 1 at 4.) Plaintiff alleges that Maserati unlawfully assigned his "unfunded [credit] instrument" to American Heritage, who serviced and collected on a retail finance agreement. (ECF No. 1 at 4.) Plaintiff alleges that "[u]pon discovering [Maserati's] non-disclosure," Plaintiff sent two recission notices to American Heritage. (*Id.*; Pl.'s Opp'n at 11 ¶ 3.2.) Plaintiff contends that American Heritage ignored these notices and transferred his account to State National, who issued a collection demand. (ECF No. 1 at 4; Pl.'s Opp'n at 12 ¶ 3.7.) Plaintiff further avers that he fully satisfied the outstanding loan, which Watson failed to honor leading to State National to repossess the vehicle. (ECF No. 1 at 4; Pl.'s Opp'n at 11–12 ¶ 3.3.)

On May 19, 2025, Watson filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 9.) Given that Watson's filing contained material extraneous to Plaintiff's Complaint, the Court provided the parties with notice of its intent to convert Watson's Motion to Dismiss into one for

Summary Judgment pursuant to Federal Rule of Civil Procedure Rule 12(d).[2] (*See* Dec. 19, 2025 Text Order, ECF No. 19.) At that time, the Clerk's Office had entered default against American Heritage, Defendant Maserati and Alfa of Monmouth ("Maserati"), and Defendant State National Insurance Companies, Inc. ("State National"). (*See generally* ECF Docket Sheet.) The Clerk's Office entry of default was thereafter vacated pursuant to this Court's January 13, 2026 Letter Order. (ECF No. 20.) On January 30 and 31, 2026, Watson and American Heritage, respectively, moved for summary judgment as to Plaintiff's claims. (Watson's Mot. for Summary J.; American Heritage's Mot. for Summary J.) On June 5, 2026, State National moved to vacate the clerk's entry of default placed against it. (State National Moving Br.)

## II. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims under federal law.

## III. LEGAL STANDARD

### A. SUMMARY JUDGMENT

Rule 56 provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); s*ee also Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248–49. The summary judgment standard, however, does not operate in a vacuum. The Court "must view the evidence presented through the prism of the substantive evidentiary burden," *id.* at 254, and construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny P.A.*, 139 F.3d 386, 393 (3d Cir. 1998).

**B. VACATING THE ENTRY OF DEFAULT**

Motions to enter default judgment and vacate default are governed by Rule 55. *See* Fed. R. Civ. P. 55(a)–(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit directs that "[a]lthough the District Court has discretion to enter a default judgment, in this [C]ircuit, [courts] prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting a "preference that cases be disposed of on the merits whenever practicable")). These motions "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d

120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions[.]")).

## IV. DISCUSSION

### A. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

In Defendants' Motions, they argue that Plaintiff's claims are barred under New Jersey's entire controversy doctrine and *res judicata*. (*See generally* Watson's Moving Br.; American Heritage's Moving Br.) Plaintiff contends that neither the entire controversy doctrine nor *res judicata* bars his claims because: (1) the Superior Court could not assert jurisdiction over his federal claims; (2) the conduct underlying this lawsuit occurred after the state court judgment was entered; and (3) three Defendants in this action were not parties to the underlying state action. (Pl.'s Opp'n at 7 ¶¶ 9.1–9.7.)

The doctrine of *res judicata* applies "[w]hen one has been given the full opportunity to fully present his case in court and the contested issue is decided against him, 'he may not later renew the litigation in another court.'" *Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985) (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). *Res judicata* therefore precludes prelitigation of claims not only brought in a previous action, but also precludes those claims which could have been brought in that previous action. *See Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016). In other words, "*res judicata* is a rule of finality[,] strictly enforced and liberally applied[.]" *Purter*, 771 F.3d at 690 (citing *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917)).

Under the entire controversy doctrine, a party is required "to bring in one action 'all affirmative claims that [he] may have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 855 (3d Cir. 1997) (quoting *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 662 A.2d 509, 513 (N.J. 1995)); *see also Coleman v. Chase Home Fin. LLC*, 446 F. App'x 469, 472 (3d Cir. 2011) ("It is a commonality of facts, rather than a commonality of issues, parties, or remedies that defines the scope of the controversy." (internal quotation modified)); *accord* N.J. Ct. R. 4:30A. A party therefore "cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citation omitted).

Although the entire controversy doctrine is "wider in scope" than *res judicata*, they share the same three elements: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 801–02 (3d Cir. 2017) (quoting *Watkins v. Resorts Int'l Hotel & Casino*, 591 A.2d 592, 599 (N.J. 1991)). Applying those factors to the present matter, the Court finds that Plaintiff's claims against Watson and American Heritage are barred.

Element one is satisfied here. The Superior Court of New Jersey entered a final default judgment on April 30, 2024. (ECF No. 21-6; ECF No. 22-4; Pl.'s Opp'n at 12 ¶ 3.9.) For purposes of *res judicata* and the entire controversy doctrine, a default judgment constitutes a judgment on

the merits. *See Howard v. Wells Fargo Bank, N.A.*, 733 F. Supp. 3d 352, 356–57 (D.N.J. 2024) (collecting cases).

Element two is also satisfied here. "A party is in privity with another when there is a sufficiently close connection between the party to be bound by a judgment and the party the judgment was entered against." *Amir v. Pressler, Felt, & Warshaw, LLP*, Civ. No. 25-12399, 2026 WL 1602070, at *4 (D.N.J. June 4, 2026). Here, Plaintiff was the defendant in the underlying state action and American Heritage was the plaintiff attempting to collect on the outstanding debt. (*See generally* ECF Nos. 21-5, 22-3.) Additionally, Watson represented American Heritage in the underlying state action. (*See id.*) For purposes of *res judicata* and the entire controversy doctrine, "[p]rivity requires a prior legal or representative relationship between a party to the period action and the nonparty against whom estoppel is asserted. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312 (3d Cir. 2009); *see also E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990) (holding "[o]ne relationship long held to fall within the concept of privity is that between a nonparty and party who acts as the nonparty's representative"); *Camp v. Wells Fargo Bank, N.A.*, Civ. No. 16-2463, 2017 WL 738493, at *3 (D.N.J. Feb. 24, 2017) (finding attorneys who represented the defendant in prior foreclosure action in privity with the defendant in the subsequent action). Watson therefore has a significantly close relationship to American Heritage by virtue of its legal representation in the underlying state action. As such, the parties in this suit are either identical to or in privity with the parties in the underlying state action.

Finally, element three is satisfied here. The Third Circuit "take[s] a broad view of what constitutes the same cause of action" and *res judicata* "turn[s] on the essential similarity of the events giving rise to the various legal claims." *Davis*, 824 F.3d at 342. "[T]he focus is on the facts, rather than the legal theories" asserted. *Id.* In the underlying state action, American Heritage

alleged that Plaintiff breached the finance agreement by failing to make payments. (ECF No. 21-5.) Here, Plaintiff's Complaint alleges he attempted to rescind the finance agreement that was unlawfully assigned to American Heritage and satisfy the debt, which "Watson failed to honor," causing State National to repossess his vehicle. (ECF No. 1 at 4.) Both actions, therefore, arise out of the finance agreement, which was found to be valid and enforceable given Plaintiff's failure to appear in the underlying state action.

Accordingly, having found that all three elements are met, the Court holds that Plaintiff's claims against Watson and American Heritage are barred under the entire controversy doctrine and *res judicata*. The Court will grant Watson and American Heritage's respective Motions for Summary Judgment. Plaintiff's Complaint is dismissed with prejudice as to Watson and American Heritage. *See Arsenis v. M&T Bank*, App. No. 25-3115, 2026 WL 1816136, at *3 (3d Cir. June 24, 2026) (affirming district court's dismissal with prejudice for claims barred by *res judicata* because permitting leave to amend would be futile).

### B. STATE NATIONAL'S MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT

State National contends that there is good cause to vacate the clerk's entry of default against it. (*See generally* State National Moving Br.) When deciding whether to vacate default, district courts must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Applying those factors to the present matter, the Court finds that vacating the entry of default against State National is warranted.

First, the Court finds that there is no prejudice to Plaintiff because no evidence is lost and the present matter is still in its early stages. Second, the Court finds that State National has asserted several meritorious defenses, such as: (1) *res judicata*; (2) the entire controversy doctrine; and (3) failure to state a claim under Rule 12(b)(6). *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (noting that to satisfy the "meritorious defense" factor, the moving party needs to present a defense that it "litigable."); *see also NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (noting that "the Court need not decide the legal issue [on a motion to vacate the entry of default]; it is sufficient that [the] proffered defense is not facially unmeritorious." (internal quotation marks and citation omitted)). Third, the Court finds that State National's delay in appearing in this action was not due to any willful or bad faith conduct. *See Dambach*, 211 F. App'x at 109–110.

Accordingly, the Court finds good cause to vacate the default entered against State National.

## V. <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** Watson's Motion for Summary Judgement, **GRANT** American Heritage's Motion for Summary Judgment, and **GRANT** State National's Motion to Vacate the Clerk's Entry of Default. An appropriate Order will follow.

Date: September 14, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**